

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

Gerald C. Mann

XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Truett Smith    Opinion No. O-241
District Attorney    Re: Creation of the job of special
Tahoka, Texas    officer to work in four counties to
    investigate and apprehend cattle
Dear Sir:    thieves.

Your request for an opinion involving the above question, together with other questions incidental thereto, has been received by this department.

Your letter reads as follows:

"Four counties on the Plains have under consideration a plan to employ a special officer to work in the four-counties to investigate and apprehend cattle thieves and other theft cases. They do not wish to try to levy a tax as is provided in Article 7155a R.C.S. to pay for the services of such officer but they prefer to pay, each county its pro rata part, out of the available funds of the county. I will thank you to give me your opinion on the matters hereinabove set out.

"1. Can a Commissioners court legally pay out from any available county funds, without the levying of a tax as provided in Art. 7155a, for employing a special officer for the purposes mentioned in the first paragraph above?

"2. Could such officer serve at the time as a deputy sheriff in more than one county?

"3. In the event the counties could not legally pay out money to employ such officer under '1' above, then could ranchers pay into the treasury of the counties, into some special fund, the amount of money that would be required to employ such officer and the county then pay out such money so deposited by ranchers to such special officer.

"4. In the event such could be done as stated under '3' above, would it be necessary for such special officer to make a bond, if so, the amount and to

whom payable, keeping in mind that four counties
are involved."

Under constitutional sanction, the Legislature has
delegated to the counties of this state, acting through the
commissioners' courts, certain authority in various matters.
Their powers are only those expressly or impliedly conferred
upon them by the constitution and the statutes of Texas, and
the authority thereunder is strictly limited to that conferred
either expressly or by fair or necessary implication.

11 TEX. JUR. at p.p. 562 through 566, inc.; CHILDRESS
COUNTY vs. STATE, 92 S.W. (2d) 1011; GULF BITULITHIC
CO. vs. NUECES COUNTY, 297 S.W. 747 (reversed on other
grounds 11 S.W. (2d) 305); LASATER vs. LOPEZ, 217 S.W.
373.

There is no authority in the statutes for the commis-
sioners' court to legally pay out the funds of the county for
the purposes described in your letter, in the manner therein
set out. The specific purpose described must, if at all, be
controlled by Article 7155a, R.C.S. In that statute, alone,
rests the authority of the commissioners court to pay any spe-
cial officer for the purposes indicated in your letter and set
out in such statute.

Of course, there are the general statutes pertaining
to deputies and their appointments, Article 6869 and Article
3902, R.C.S., and amendments thereto, which will be noticed
later.

With reference to your second question, it must be
noted in the first place that the office which it is desired to
create, according to your letter, does not exist by creation of
law. We quote from TEX. JUR. Vol. 34, at p.p. 326 and 327:

"Offices are created by the law and none can ex-
ist except by its sanction. It is a settled principle
also that an office comes into existence only when cre-
ated in the prescribed manner. ***" Citing -

DANIEL vs. HUTCHESON, 4 CIV. APP. 239, 22 S.W. 278,
    (reversed on other points, 22 S.W. 933);
BENNETT vs. CITY OF LONGVIEW, (CIV. APP.) 268 S.W.
    786;
CITY OF SAN ANTONIO vs. COULTRESS, (CIV. APP.) 169
    S.W. 917.

There would be no legal sanction of such proposed ac-
tion of the commissioners' court of the four counties in creat-
ing a special office, the holder of which office to work in the

four counties with official character.

Furthermore, were a deputy sheriff, or more than one, appointed under the above noted statutes, Articles 6869 and 3902, R.C.S., and the amendments thereto, or,for that matter, under Article 7155a, supra, such appointee, or appointees, could serve as such in only one county, and could not serve as such in the four counties.

Article 2927, Revised Civil Statutes, 1925, provides:

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election."

Also see Article 2928, R.C.S., 1925.

We quote from the case of MURRAY, ET AL. vs. STATE, 67 S.W. (2d) 274 as follows:

"It is well settled that a deputy sheriff is a public officer. TOWNS vs. HARRIS, 13 TEX. 507; 46 COR.JUR. p. 1062. He is invested by law with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public, MECHEM, PUBLIC OFFICERS, § 1; STATE vs. BUS, 135 MISSOURI, 325, 36 S.W. 636, 33 L.R.A. 616."

Under the above quoted statutes and the cases construing same, no person is eligible to any state, county, precinct or municipal office, including the office of deputy sheriff, unless he shall have resided in the state for the period of twelve months and six months in the county, precinct or municipality in which he offers to serve as such officer.

We conclude, then, that a four county office, as proposed, if created, would have no sanction of law, and, furthermore, that any appointee appointed under the general laws, or under Article 7155a, could serve as such only in the county of his residence and appointment, and could not serve as a deputy sheriff in more than one county.

Our answer to your questions (1) and (2) renders unnecessary the answering of your questions (3) and (4). We merely point out that any individual employed by the ranchers of the four counties, irrespective of the method of paying his salary, would serve only under a private employment contract, his activities and his office being of no official character.

Trusting that the foregoing answers your questions satisfactorily, we remain

APPROVED SEP 20, 1939    Yours very truly
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS  ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE  By /s/ Wm. J. Fanning
BY:   BWB, CHAIRMAN   Wm. J. Fanning, Assistant

WmJF:ob:wb